IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| United States,<br>  Plaintiff,<br><br>  v.<br><br>Muhammad Khattab,<br>  Defendant. | Case No. 05 CR 497<br><br>Judge: Kennelly |

## ORDER

The Court grants defendant Muhammad Khattab's motions to supplement his motion for reduction of his sentence [dkt. nos. 127 & 128] but denies the motion for reduction [dkt. no. 120]. At the time of the original sentence, Mr. Khattab's criminal history category under the Sentencing Guidelines was II, and his total offense level was 38, which resulted in an advisory sentencing range of 240 months in prison (the actual advisory range was 262 to 327 months, but the maximum statutory sentence was 20 years or 240 months). The Court imposed a sentence of 144 months, a very serious sentence, but one that was 8 years below the low end of the advisory Sentencing Guidelines range. Retroactively-applicable amendments to the Sentencing Guidelines reduce Mr. Khattab's base offense level to 36, which means that his advisory Guidelines range would be 210 to 262 months. However, the Court already imposed a sentence that is considerably less than the low end of that range. The Guidelines specifically preclude a reduction below the low end of the newly-applicable range. *See* U.S.S.G. § 1B1.10(b)(2)(A). This provision of the Guidelines is binding on the Court, because the statutory authority for post-sentence reductions, 18 U.S.C. § 3582(c)(2), says that any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission," and section 1B1.10(b)(2)(A) is such a statement. The Court acknowledges the hardship the sentence has imposed upon Mr. Khattab and his family, but unfortunately the Court is precluded by law from ordering a further reduction in Mr. Khattab's case.

Date: 9/21/2015

                        _____
                         MATTHEW F. KENNELLY
                         United States District Judge